IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER J. KLEMENT, | No. 4:20-CV-1626 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SGT. BENJAMIN EYER *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 12, 2021

On September 9, 2020, Plaintiff Christopher J. Klement, an inmate formerly confined at the Monroe County Correctional Facility ("MCCF"), filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] The named Defendants are the following MCCF employees: Sgt. Benjamin Eyer and Correctional Officer4s Dennis Harris, Dwayne Darab and Robert Helvic.[2] Klement seeks compensatory and punitive damages for an incident he claims occurred on April 13, 2019, in which he was allegedly "kicked repeatedly in the head by Benjamin Eyer while in restraints and complete submission by other guards," resulting in "excessive force/cruel and unusual punishment."[3]

---

[1]   Doc. 1.
[2]   *Id*.
[3]   *Id*.

On October 1, 2020, Defendants filed an answer to the Plaintiff's complaint.[4] On June 1, 2021, Defendant filed a motion for summary judgment, along with a statement of material facts.[5] On June 10, 2021, Defendants filed a brief in support of their motion for summary judgment.[6] By Order dated July 28, 2021, this Court directed Plaintiff to, on or before August 11, 2021, file a brief in opposition to Defendants' motion for summary judgment.[7] The Order warned Plaintiff that failure to oppose the motion would result in the motion being granted as unopposed.[8] No such filing was made.

On August 30, 2021, this Court's July 28, 2021 Order was returned to the Court as undeliverable, noting that Plaintiff had left the facility on March 22, 2021, and stating "unable to forward."[9] The docket reveals that Plaintiff's last communication with this Court was a motion for appointment of counsel, filed on October 7, 2020.[10]

For the reasons set forth below, the Court concludes that Plaintiff has abandoned the above captioned action and will dismiss the action for failure to prosecute and failure to comply with a Court Order.

---

[4] Doc. 10.
[5] Docs. 18, 20.
[6] Doc. 21.
[7] Doc. 22.
[8] *Id*.
[9] Doc. 23.
[10] Doc. 11.

I.  **DISCUSSION**

District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute and for failure to comply with a court order.[11] In *Poulis*, the United States Court of Appeals for the Third Circuit set forth the following six factors that should be considered before dismissing an action for failure to prosecute:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[12] Not all of the *Poulis* factors need be satisfied to dismiss a complaint.[13]

First, there is no doubt that Klement, as a *pro se* litigant, has the ultimate and sole responsibility to prosecute his claim and to comport with court orders.[14] Klement initiated the action on September 9, 2020 and has not communicated with

---

[11] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991*); see Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (finding the failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis); *Azubuko v. Bell National Organization*, 243 F. App'x. 728, 729 (3d Cir. 2007) (recognizing that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)".

[12] *Poulis,* 747 F.2d at 868.

[13] *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

[14] *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992).

the Court in any manner since October 7, 2020.  Plaintiff has failed to abide by Court Order and neglected to prosecute this case. Specifically, Plaintiff failed to respond to Defendants' motion for summary judgment, despite being directed to do so by the Court.  As such, the first factor weighs in favor of dismissal.

The second *Poulis* factor, the prejudice to Defendants caused by Plaintiff's failure to respond to Defendants' motion, also weighs in favor of dismissal.  A finding of prejudice does not require "irremediable harm."[15]  Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial."[16]  Plaintiff's failure to litigate this case by responding to Defendants' motion for summary judgment, and failure to comply with this Court's order and court rules requiring him to do so, frustrates and delays the resolution of this matter.  This failure can be seen to prejudice Defendants, who seek a timely resolution of this case.[17]

Third, Klement has established a history of dilatoriness through his failure to communicate with the Court and to comply with a Court Order.  As noted *supra*, Klement has not communicated with the Court since the filing of his October 7, 2020 motion for appointment of counsel.  Plaintiff has failed to respond to

---

[15] *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).
[16] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).
[17] *See e.g., Parks v. Argueta*, 1:15-CV-1514, 2016 WL 7856413 at *4 (M.D. Pa. Dec. 5, 2016) (dismissing case where a pro se litigant failed to respond to a pending motion for summary judgment).

4

Defendants' motion for summary judgment, has not complied with the Local Rule requiring him to respond, and has not complied with this Court's Order directing him to respond. The Court finds that Klement has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct."[18]

As concerns the Fourth factor, "[w]illfulness involves intentional or self-serving behavior."[19] Here, Plaintiff has violated the local rules, and has failed to comply with a Court Order directing him to take specific action in this case, the Court is compelled to conclude that Plaintiff's actions were not negligent, but instead reflect an intentional disregard for the Court's local rules and its order.[20]

Fifth, a district court must consider the availability of sanctions alternative to dismissal. safety.[21] Given Klement's *pro se* prisoner status, the Court concludes that he is indigent and, thus, alternative monetary sanctions would not be effective.[22] Moreover, Plaintiff's failure to comply with this Court's Order directing him to respond to Defendants' motion for summary judgment leads to an

---

[18] *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). *See also Naslanic v. Gula*, 3:15-CV-2208 2018 WL 1886526 at *4 (M.D. Pa. Mar. 29, 2018) (finding that a pro se litigant's failure to abide by the local rules requiring a response to a summary judgment motion, and failure to abide by court order directing him to respond amounted to a history of dilatoriness) *report and recommendation adopted by* 2018 WL 1886493 (M.D. Pa. Apr. 19, 2018).
[19] *Adams*, 29 F.3d at 874.
[20] *See e.g., Naslanic*, 2018 WL 1886526 at *4 (finding that a pro se Plaintiff's failure to comply with instructions directing him to take specific actions reflects an intentional disregard for those instructions).
[21] *Poulis*, 747 F.2d at 869.
[22] *See Briscoe*, 538 F.3d at 263.

5

inference that further orders would not be effective. Therefore, no other sanction would be effective.

Finally, under *Poulis* the Court is cautioned to consider the meritoriousness of Plaintiff's claims. However, it is this Court's view that consideration of this factor cannot save this particular Plaintiff's claims since he is now wholly non-compliant with his obligations as a litigant. Furthermore, it is well-settled that no single *Poulis* factor is dispositive,[23] and, as noted above, not all of the factors need be satisfied in order to dismiss a complaint.[24] As such, the untested merits of Plaintiff's claims, standing alone, cannot prevent imposition of sanctions. Thus, the scale tips heavily in favor of dismissal of the action.

### IV.   CONCLUSION

Based on the above, Klement's action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court Order.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[23] *Ware*, 322 F.3d at 222.
[24] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).